**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------X

ZHIFENG CHEN,
*on his own behalf and on behalf of others similarly situated*

Plaintiff,

v.

ANDA CHIEF CONSTRUCTION INC;
AN DA BUILDERS DIRECT INC;
AN DA BUILDERS GROUP LLC;
AN DA NJ CONSTRUCTION LLC;
AN DA EMPIRE LLC;
AN DA EASTERN LLC;
AN DA GREEN ENERGY LLC;
BO LING WU a/k/a Boling Wu,
DAI BAO WU a/k/a Daibao Wu, and
RUO BO CHEN a/k/a Ruobo Chen,

Defendants.

---------------------------------------------------------X

**Case No. 26-cv-03829**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff ZHIFENG CHEN (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants ANDA CHIEF CONSTRUCTION INC; AN DA BUILDERS DIRECT INC; AN DA BUILDERS GROUP LLC; AN DA NJ CONSTRUCTION LLC; AN DA EMPIRE LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC; BO LING WU a/k/a Boling Wu, DAI BAO WU a/k/a Daibao Wu, RUO BO CHEN a/k/a Ruobo Chen, CHIAN WEI WU, and SHING WOAN WU a/k/a Jimmy Wu, and allege as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff ZHIFENG CHEN, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4. Plaintiff further alleges pursuant NJWHL that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

**JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

7. From in or around October 2018 to in or around October 2021, Plaintiff ZHIFENG CHEN was employed by Defendants to work as a painter at An Da Construction.

8. From on or about October 1, 2024 to September 27, 2025 Plaintiff ZHIFENG CHEN was employed by Defendants to work as a painter at An Da Construction.

**DEFENDANTS**

***Corporate Defendants***

9. Defendant ANDA CHIEF CONSTRUCTION INC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 25 Commerce Road, Unit A, Fairfield, NJ 07004.

10. ANDA CHIEF CONSTRUCTION INC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. ANDA CHIEF CONSTRUCTION INC purchased and handled goods moved in interstate commerce.

12. Defendant AN DA BUILDERS DIRECT INC. is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 772 US Highway 46, Pasippany, NJ 07054.

13. AN DA BUILDERS DIRECT INC. is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14. AN DA BUILDERS DIRECT INC. purchased and handled goods moved in interstate commerce.

15. Defendant AN DA BUILDERS GROUP LLC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 772 US Highway 46, Pasippany, NJ 07054.

16. AN DA BUILDERS GROUP LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

17. AN DA BUILDERS GROUP LLC purchased and handled goods moved in interstate commerce.

18. Defendant AN DA EMPIRE LLC is a domestic business corporation organized

under the laws of the State of New Jersey with a principal address at 309 Aycrigg Avenue, Passaic, NJ 07055.

19. AN DA EMPIRE LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

20. AN DA EMPIRE LLC purchased and handled goods moved in interstate commerce.

21. Defendant AN DA NJ CONSTRUCTION LLC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 111 US Highway 46, Fairfield NJ 07004.

22. AN DA NJ CONSTRUCTION LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

23. AN DA NJ CONSTRUCTION LLC purchased and handled goods moved in interstate commerce.

24. Defendant AN DA EASTERN LLC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 7 Peace Valley Road, Towaco, NJ 07082.

25. AN DA EASTERN LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

26. AN DA EASTERN LLC purchased and handled goods moved in interstate commerce.

27. Defendant AN DA GREEN ENERGY LLC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 7 Peace Valley Road, Towaco, NJ 07082.

28. AN DA GREEN ENERGY LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

29. AN DA GREEN ENERGY LLC purchased and handled goods moved in interstate commerce.

***Owner/Operator Defendants***

30. BO LING WU a/k/a Boling Wu, known as Boss to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at ANDA CHIEF CONSTRUCTION INC; AN DA BUILDERS DIRECT INC; AN DA BUILDERS GROUP LLC; AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

31. BO LING WU is the Registered Agent of AN DA BUILDERS GROUP LLC.

32. BO LING WU is the Registered Agent of AN DA EMPIRE LLC.

33. BO LING WU is the Member and Manager of AN DA NJ CONSTRUCTION LLC.

34. BO LING WU a/k/a Boling Wu hire Plaintiff ZHIFENG CHEN.

35. BO LING WU a/k/a Boling Wu set Plaintiff ZHIFENG CHEN’s pay rate.

36. BO LING WU a/k/a Boling Wu set Plaintiff ZHIFENG CHEN’s work schedule.

37. BO LING WU a/k/a Boling Wu distributed payment to Plaintiff ZHIFENG CHEN every pay day.

38. BO LING WU a/k/a Boling Wu promised to pay the Plaintiff ZHIFENG chen his unpaid wages but kept on delaying the payment.

39. BO LING WU a/k/a Boling Wu supervised the Plaintiff on a day to day basis.

40. During Plaintiff's employment, BO LING WU a/k/a Boling Wu did fire at least thirty (30) to forty (40) employees.

41. BO LING WU a/k/a Boling Wu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with ANDA CHIEF CONSTRUCTION INC; AN DA BUILDERS DIRECT INC; AN DA BUILDERS GROUP LLC; AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

42. DAI BAO WU a/k/a Daibao Wu, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

43. DAI BAO WU a/k/a Daibao Wu is the daughter of BO LING WU.

44. DAI BAO WU a/k/a Daibao Wu is the Registered Agent of AN DA GREEN ENERGY LLC.

45. DAI BAO WU a/k/a Daibao Wu is the Registered Agent of AN DA EASTERN LLC.

46. DAI BAO WU a/k/a Daibao Wu typically acted as the crew chief for all solar panel installations, as she can interpret between the crew and English-speaking customers.

47. DAI BAO WU a/k/a Daibao Wu signed the paycheck of ANDA CHIEF CONSTRUCTION INC representing only a portion of the Plaintiff's unpaid wages when

Plaintiff complained about the unpaid wages that BO LING WU a/k/a Boling Wu brushed off.

48. DAI BAO WU a/k/a Daibao Wu has the power to discipline employees and further, has the power to recommend BO LING WU to fire any employees who underperforms.

49. DAI BAO WU A/K/A DAIBAO WU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with ANDA CHIEF CONSTRUCTION INC; AN DA BUILDERS DIRECT INC; AN DA BUILDERS GROUP LLC; AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

50. RUO BO CHEN a/k/a Ruobo Chen, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at ANDA CHIEF CONSTRUCTION INC; AN DA BUILDERS DIRECT INC; AN DA BUILDERS GROUP LLC; AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

51. RUO BO CHEN a/k/a Ruobo Chen is the Officer of ANDA CHIEF CONSTRUCTION INC.

52. RUO BO CHEN a/k/a Ruobo Chen co-owns the property at 7 Peace Valely Road, Towaco, NJ 07082 with DAI BAO WU a/k/a Daibao Wu, which serves as the employee dormitory where Plaintiff resided at.

53. RUO BO CHEN A/K/A RUOBO CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated

thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with ANDA CHIEF CONSTRUCTION INC; AN DA BUILDERS DIRECT INC; AN DA BUILDERS GROUP LLC; AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

## STATEMENT OF FACTS

### Defendants Constitute a Joint Enterprise

54. Upon information and belief, Corporate Defendants ANDA CHIEF CONSTRUCTION INC; AN DA BUILDERS DIRECT INC; AN DA BUILDERS GROUP LLC; AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as the share staff, including Plaintiff, pay Plaintiff as the shareholders of the enterprise, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

55. For instance, Plaintiff was assigned to help install the solar panels once every once or twice a month by the Defendants.

56. As such, Plaintiff performed work which may be properly categorized as part of the job performed by AN DA GREEN ENERGY LLC.

57. However, whenever there is a rainy day or when there are no solar panel installation orders, the solar panel installation employees hired by Defendants would be re-assigned to work as regular construction workers on behalf of ANDA CHIEF CONSTRUCTION INC and AN DA NJ CONSTRUCTION LLC.

58. Regardless of which function Plaintiff perform, Plaintiff was paid by Defendants

in cash (for the most part).

59. All employees including the Plaintiff are required to wear a uniform that had the AN DA CONSTRUCTION or AN DA EMPIRE LLC logo while working for the Defendants.

60. At all times relevant herein, ANDA CHIEF CONSTRUCTION INC; AN DA BUILDERS DIRECT INC; AN DA BUILDERS GROUP LLC, AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC was, and continues to be, an “enterprise engaged in commerce” within the meaning of FLSA.

61. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by ANDA CHIEF CONSTRUCTION INC; AN DA BUILDERS DIRECT INC; AN DA BUILDERS GROUP LLC, AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

62. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

63. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

64. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

65. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

66. Upon information and belief, Defendants failed to keep full and accurate

records in order to mitigate liability for their wage violations.

67. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

68. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

***Plaintiff ZHIFENG CHEN***

69. From on or about October 2018 to in or around October 2021 and again from on or about October 1, 2024 to September 27 2025, Plaintiff ZHIFENG CHEN was employed by Defendants to work as a mechanic at An Da Construction.

70. Plaintiff ZHIFENG CHEN 's job duties include painting and assisting with the solar panels when the Defendants have requested for the panel.

71. From on or about October 2018 to in or around October 2021 and again from on or about October 1, 2024 to September 27 2025, Plaintiff ZHIFENG CHEN's regular work schedule ran from from 07:00 to 17:30, with thirty (30) minute break, for ten (10) hours a day for six (6) days for a total of sixty (60) hours each week.

72. From on or about October 2018 to in or around October 2021, Plaintiff ZHIFENG CHEN was paid a daily rate of two hundred twenty dollars ($220.00) per day.

73. From on or about October 2018 to in or around October 2021, Plaintiff was not paid any overtime compensation for hours worked in excess of forty (40) hours per week.

74. From on or about October 1, 2024 to January 31, 2025, Plaintiff ZHIFENG CHEN was promised a daily rate of Two Hundred Sixty Dollars ($260) a day.

75. From on or about October 1, 2024 to January 31, 2025, Plaintiff was not paid any overtime compensation for hours worked in excess of forty (40) hours per week.

76. Further, in or around December 1, 2024 to January 31, 2025, Plaintiff ZHIFENG CHEN was promised an additional ten dollars ($10) per day for driving the employees to and from work each workday. The driving time was roughly one hour one-way, depending on the job site.

77. From on or about February 1, 2025 to September 27 2025, Plaintiff ZHIFENG CHEN was promised a daily rate of Two Hundred Seventy Dollars ($270) a day.

78. Further, in or around February 1, 2025 to September 27 2025, Plaintiff ZHIFENG CHEN was promised an additional ten dollars ($10) per day for driving the employees to and from work each workday. The driving time was roughly one hour one-way, depending on the job site.

79. However, Plaintiff ZHIFENG CHEN was not paid his wages on time during his second period of employment from on or about October 1, 2024 to September 27 2025.

80. At the end of his employment on September 27, 2025, Plaintiff was owed six (6) full weeks of pay.

81. Morep articularly Plaintiff was owed nine (9) weeks (for the weeks of July 27, 2025 through September 27, 2025) of six (6) full days of work, accounting for 54 days of unpaid wages at the rate of Two Hundred Seventy Dollars ($270) plus Ten Dollars ($10) for driving  a day, in the amount of Fiften Thousand One Hundred Twenty Dollars ($15,120) in unpaid wages alone.

82. At the time of his employment, Plaintiff ZHIFENG CHEN was informed by Defendants that he would be provided lodging in a company dormitory.

83. The company dormitory is located at 7 Peace Valley Road, Towaco, NJ 07082.

84. The fair market value for the rental of the dormitory 7 Peace Valley Road, Towaco, NJ 07082 is around three hundred dollars ($300) a month.

85. At all relevant times, Plaintiff ZHIFENG CHEN was not paid overtime pay for overtime work.

86. Throughout his employment, Plaintiff ZHIFENG CHEN was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

87. Defendants never provided the Plaintiff ZHIFENG CHEN with the required written notice under the New Jersey Wage Theft Law.

88. Defendants never provided the Plaintiff ZHIFENG CHEN with the required weekly paystub under the New Jersey Wage Theft Law.

## **COLLECTIVE ACTION ALLEGATIONS**

89. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## **CLASS ACTION ALLEGATIONS**

90. Plaintiff bring his NJWHL claims pursuant to Federal Rules of Civil Procedure

("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

91. All said persons, including Plaintiff, are referred to herein as the "Class."

92. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

***Numerosity***

93. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

***Commonality***

94. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

b. Whether Plaintiff and Class members are paid at least the minimum wage for all hours worked under the NJWHL;

c. Whether Plaintiff and Class members are entitled to and paid overtime at his promised hourly wage or the minimum wage, whichever is higher, under the NJWHL;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

e. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for his work.

***Typicality***

95. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

***Adequacy***

96. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage-and-hour employment litigation cases.

***Superiority***

97. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

98. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing

claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violation of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

99. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100. At all relevant times, Plaintiff was employed by Defendants within the meaning of NJWHL.

101. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

102. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

103. An employer who fails to pay the minimum wage shall be liable, for their full unpaid minimum wage, plus liquidated damages up to 200% of the unpaid minimum wage for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

### COUNT II.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

104. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

105. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

106. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

107. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

108. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

109. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

110. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

111. Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT III.**
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]**

112. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

113. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

114. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

115. By failing to pay Plaintiff and the class, the Plaintiff and Class Members are entitled to recover from Defendants their full unpaid overtime pay, plus liquidated damages up to 200% of the unpaid overtime pay for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiff and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiff and the Collective Action members plus compensatory and liquidated

damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

i) An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiff's unlawful termination, compensatory damages, prejudgment interest provided by NJWHL, post-judgment interest, and attorney fees and costs;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York
April 12, 2026

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

*/s/ Aaron Schweitzer*
Aaron Schweitzer
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com